# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANE ANDERSON ) | Case No. 1:22-cv-705 |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| DUKES MEMORIAL HOSPITAL ) | |
| AUXILIARY, INC. ) | |
|     Defendant ) | |

## COMPLAINT FOR DAMAGES

COMES now the Plaintiff, by counsel, and for her Complaint for Damages and Demand for Jury Trial against the Defendant Dukes Memorial Hospital ("Defendant"), alleges and asserts that:

## Jurisdiction and Parties

1. This is an action for violations of the Family Medical Leave Act, 29 U.S.C § 2601 et seq, and the Indiana Wage Payment Statute, I.C. §22-2-5-1.

2. Plaintiff's claims arise out of her employment relationship with Defendant.

3. At all times mentioned herein, the Plaintiff was and is a resident of the City of Greentown, County of Howard, State of Indiana.

4. At all times mentioned herein, the Defendant, Dukes Memorial Hospital Auxiliary, Inc. was and is a business entity incorporated in the City of Peru, County of Miami, State of Indiana.  Defendant's primary place of business is also located in the City of Peru, County of Miami, State of Indiana.

**Background Facts Applicable to All Counts**

5. Plaintiff began her employment with Defendant on or about May 3, 2016.

6. Plaintiff was employed as a Registered Respiratory Therapist. At all times relevant hereto, her work performance was exemplary.

7. In addition to an hourly rate of pay and Paid Time Off ("PTO"), Plaintiff's compensation package from Defendant included, among other things, access to an Extended Illness Bank ("EIB"). Defendant's employees were to use the hours of paid time accrued in their EIB in the event that they were out of work for medical reasons. Only when all of the time accrued in the employee's EIB had been exhausted would employees have to use their PTO in order to be paid for their medical leave.

8. In or around June 2019, Plaintiff was diagnosed with sarcoidosis in her lungs. Nevertheless, Plaintiff's exemplary work performance continued.

9. Through its agent, supervisor Jeremy Leggett, Defendant was made aware of Plaintiff's diagnosis.

10. At the onset of the COVID-19 Pandemic in March 2020, Plaintiff quickly sought medical advice from her pulmonologist.

11. On April 9, 2020, Plaintiff and her pulmonologist made the decision that it would be in the best interest of Plaintiff's health if she were to be off work due to the likelihood of severe medical consequences should she contract COVID-19.

12. Plaintiff's job required her to work in patient rooms and provide medical treatment to patients. This included patients suffering from COVID-19.

13. Plaintiff's pulmonologist, Dr. Sunil Jhajhria of St. Vincent Medical Group signed the appropriate FMLA paperwork on April 15, 2020.

14. Pursuant to the FMLA, Plaintiff's last worked a shift for Defendant on April 28, 2020.

15. The FMLA paperwork was immediately sent to Defendant for processing.

16. In the FMLA paperwork, Dr. Jhajhria indicated that Plaintiff needed to be off work on FMLA from April 6, 2020 through June 25, 2020.

17. Plaintiff did not receive a response from Defendant regarding her FMLA before April 6, 2020. In fact, Plaintiff did not receive a response from Defendant until May 4, 2020. At that time, Plaintiff's FMLA Request was denied because Defendant had determined that she "did not have a serious health condition."

18. Plaintiff remained off work due to her health condition and the demonstrable negative effects and complications she would have sustained had she caught COVID-19.

19. As a result of the improper denial of Plaintiff's FMLA Request, Plaintiff did not receive any of the accrued time in Plaintiff's EIB.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

20. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

21. Defendant is an employer covered by the Family Medical Leave Act pursuant to 29 U.S.C. § 2601 et seq.

22. As of March 2020, Plaintiff was entitled to leave under the Family Medical Leave Act pursuant to 29 C.F.R § 825.114.

23. Defendant engaged in prohibited conduct under the FMLA by interfering with, restraining, and/or denying Plaintiff's rights provided by the Act.

24. Defendant's actions foreclosed Plaintiff's rights under the FMLA, including but not limited to her right to be on leave due to a serious health condition.

25. Defendant's actions were intentional with deliberate disregard for the rights and health of Plaintiff.

26. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings, loss of fringe benefits, suffered mental anguish, suffered physical and emotional distress, suffered humiliation and embarrassment, loss of professional reputation, and loss of the ordinary pleasures of everyday life.

## COUNT II
## VIOLATION OF INDIANA'S WAGE PAYMENT STATUTE

27. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

28. As a result of the denial of Plaintiff's valid FMLA Request, Defendants violated Indiana's Wage Payment Statute.

29. Specifically, Defendant denied Plaintiff access to the paid medical and/or sick leave time she accrued in her EIB during her tenure with the Defendants.

30. Medical and/or sick leave constitute wages as defined by Indiana's Wage Payment Statute, I.C. § 22-2-5-1.

31. Defendant's failure to pay Plaintiff the earned medical and/or sick leave accrued in her EIB violates I.C. § 22-2-5-1(b) of the Indiana Wage Payment Statute.

32. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings, loss of fringe benefits, suffered mental anguish, suffered

physical and emotional distress, suffered humiliation and embarrassment, loss of professional reputation, and loss of the ordinary pleasures of everyday life.

## Prayer for Relief

33. As a result of the foregoing Plaintiff respectfully request that this Court enter judgement in her favor and against Defendant, for compensatory damages, costs, pre- and post-judgment interest, and attorneys' fees, punitive damages, and for such further relief as is just and proper in the premises.

## Demand for Jury Trial

34. Plaintiff respectfully demand a jury trial on all issues alleged herein.

Respectfully submitted,

_____
Sarah Graziano, #21650-49
Kristina Anderson, # 34493-49
Attorney for Plaintiff(s)
HENSLEY LEGAL GROUP, P.C.
117 E Washington Street, Ste 200
Indianapolis, IN 46204
(317) 472-3333 Phone
(317) 472-3340 Facsimile